```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                          :
UNITED STATES                             :
                                          :
                                          :
v.                                        :   CRIM. NO. 3:14CR81 (JAM)
                                          :
SCOTT ET AL                               :
                                          :
```

**RULING ON PRETRIAL DISCOVERY MOTIONS AND MOTIONS IN LIMINE**

Pending before the Court are various pretrial discovery motions and motions in limine filed by several defendants in a multi-defendant narcotics case. The pending motions largely overlap in the relief requested. The government has filed an omnibus response in opposition, [Doc. #484], to which several defendants have replied. The Court held a motion hearing on March 18, 2015, where counsel presented argument on several of the motions disposed of below.

**I.   BACKGROUND**

On April 24, 2014, following a long-term investigation that included the use of court-authorized electronic surveillance, a grand jury returned a multi-count indictment charging twenty-five (25) individuals with various federal narcotics offenses, including conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §846.  Defendants Melkuan Scott ("Scott"), Neagmiah Barnett ("Barnett"), Tyshawn McDade ("McDade"), Arthur Stanley ("Stanley"), Rashawn Dubose ("Dubose"), Garbiel Horace Williams-Bey ("Williams-Bey") and Ricardo Howe ("Howe") filed various standard discovery and pre-trial motions.

1

On May 22, 2014, the government provided each defendant[1] with voluminous discovery (hereinafter the "May 22 discovery letter"), including, inter alia, a copy of his or her rap sheet, a copy of his or her post-arrest statement, audio recordings of intercepted calls along with draft transcripts, copies of Title III surveillance applications, affidavits and orders, search warrant applications and affidavits, copies of pen register/telephone GPS warrant applications, affidavits and orders, reports of FBI controlled purchases, surveillance reports and photo arrays, and the results of scientific tests performed to date, including DEA laboratory reports. Defendants have also been provided access to review evidence in the government's custody. [Doc. #484, 2-4].

## II. DISCUSSION

### A. Motions for Specific Discovery [Doc. ## 415, 429, 437]

Defendants Scott, Stanley and Dubose seek specific discovery materials pursuant to Brady v. Maryland, 373 U.S. 83 (1963), United States v. Bagley, 473 U.S. 667 (1985), Kyles v. Whitley, 514 U.S. 419 (1995), and United States v. Giglio, 405 U.S. 150 (1972). Defendants seek an array of materials, which largely address the credibility and motivations of the government's cooperating witnesses as well as any exculpatory information in the government's possession.

The prosecutor represents that, to date, the government is not aware of any exculpatory information, but that he will

---

[1] The government provided this information to defendant Gabriel Williams-Bey subsequent to his arrest, on July 11, 2014.

2

promptly disclose any such information should he learn of its existence. The prosecutor further represents that the government intends to identify cooperating witnesses and provide law enforcement interview reports related to the expected testimony of these witnesses three weeks prior to the start of evidence. Giglio materials, including criminal histories of any cooperating witnesses, will also be provided at that time.

In light of these representations, and for reasons already stated in the Court's prior ruling on similar issues, See Doc. #323, 2-4, the Court **DENIES AS MOOT** the defendants' motions for specific discovery [Doc. ## 415, 429, 437].

**B. Motions for Disclosure of Evidence of Prior Misconduct and Felony Records [Doc. ## 417, 421, 423, 427, 433] and Motions in Limine Regarding Gang Affiliation [Doc. # 419]**

Defendants Barnett, McDade and Stanley request that the Court order the Government to disclose any evidence concerning any other crimes, wrongs, or acts in accordance with Federal Rules of Evidence 404(b) that it intends to offer at trial. Defendants Barnett and McDade also move in limine to preclude the government from offering in its case in chief evidence of the defendants' bad acts.

The prosecutor represents that the government has explicitly recognized in its May 22 discovery letter the Standing Order's requirement that the government disclose any intention to rely on 404(b) evidence. The prosecutor further

states that the government does not currently anticipate offering any 404(b) evidence. [Doc. #273, 8].[2]

Therefore, based on the information already produced to defendants and the prosecutor's representations on this issue, on the current record, defendants' motions for disclosure of evidence of prior misconduct and motions in limine re: prior misconduct [Doc. ## 417, 421, 423, 427, 433] are **DENIED AS MOOT and without prejudice**.  If, however, the government concludes at any time between the issuance of this ruling and the commencement of trial that it will use prior misconduct evidence against one or more of the defendants, it shall provide notice to the affected defendant.

Defendant Stanley has also filed a motion in limine seeking to preclude the government from offering evidence relating to any alleged gang affiliation during the government's case-in-chief. [Doc. #419]. Defendant Stanley argues that testimony regarding his alleged gang involvement should be excluded pursuant to Federal Rules of Evidence 403 and 404(b). The government responds that in the Second Circuit, evidence of gang affiliation is relevant when used to prove the existence of a drug trafficking conspiracy. [Doc. #484, 9].

Federal Rule of Evidence 404(b) provides that, "Evidence of a crime, wrong, or other act is not admissible to prove a

---

[2] Each defendant has also been provided a copy of his or her "rap sheet," and therefore is at least aware of the scope of some prior misconduct that may potentially be used at trial. See United States v. Muhammad, Criminal No. 3:12CR00206(AVC), 2013 WL 6091860, at *2 (D. Conn. Nov. 19, 2013) (denying without prejudice motions for notice of intention to use 404(b) evidence where government had yet to make determination of whether it would use such evidence and where defendants were provided criminal history).

person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, Rule 404(b) also provides for an exception to this rule and allows the admissibility of such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "The Second Circuit follows an inclusionary rule, allowing the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." Muhammad, 2013 WL 6091860, at *1 (quoting Unites States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994)) (internal quotations omitted).

The prosecutor proffers that evidence of Stanley's gang affiliation will be

> [O]ffered to show the existence of a relationship between Stanley and other members of the drug trafficking conspiracy and how that relationship developed. It is the Government's theory of this case that both the Westhell gang and the Team Grease gang are significant players in the supply chain of drugs and firearms relevant to this case.

[Doc. #484, 9]. The government argues that this information is probative under Rule 401 and does not create unfair prejudice under Rule 403.

First, the Court agrees that evidence of defendant's gang affiliation is relevant under Rule 401 in light of the

government's proffer.³ See United States v. Reyes, No.11cr1 (MRK), 2012 WL 3727995, at *1 (D. Conn. May 1, 2012) (finding evidence of gang affiliation relevant to demonstrate existence of a joint venture or conspiracy); see also United States v. Diaz, 176 F.3d 52, 79 (2d Cir. 1999) ("[I]t is within the [trial] court's discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators." (citation omitted; alteration in original)); c.f. United States v. Ashburn, No. 11-CR00303(NGG), 2015 WL 588704, at *13 (E.D.N.Y. Feb. 11, 2015) (evidence of defendant's prior membership of Crips not admissible where government provided no basis for finding that defendant's prior membership was relevant to existence of enterprise charged in case or as background evidence of a criminal conspiracy).

Having found evidence of defendant's gang affiliation relevant, the Court turns to whether its relevance is outweighed by the danger of unfair prejudice. The Court finds that it is not. "As courts regularly recognize, demonstrating the existence of prejudice alone is not sufficient to exclude relevant and otherwise admissible evidence, as all evidence that weakens a party's claim results in some prejudice." Reyes, 2012 WL 3727995, at *1. The evidence must be "unfairly prejudicial,"

---

³ Presumably, the Government will be using evidence of defendant Scott's gang affiliation in the same way proffered with respect to defendant Stanley.

that is, have "an undue tendency to suggest decision on an improper basis." Old Chief v. United States, 519 U.S. 172, 180 (1997). After careful consideration, the Court concludes that although evidence of defendant's gang affiliation may be prejudicial, the prejudice is not unfair in light of the evidence's relevance. Finally, to the extent that this evidence prejudices defendant, any such risk can be cured through an appropriately crafted jury instruction.

Therefore, the Court **DENIES** defendant's motions in limine [Doc. # 419].

### C. Motion to Compel Disclosure of a Summary of Expert Testimony Under F. R. Crim. P. 16(a)(1)(G) [Doc. ## 418, 432]

Defendants Stanley and Barnett seek an order pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) compelling the government to disclose a summary of expert testimony. They claim that the government's May 22 discovery letter "failed to include a summary of the intended testimony, to describe the bases and reasons for the proposed experts' opinions, or to include the witnesses' qualifications as experts as required by F.R.C.P. 16(a)(1)(G)."

In response, the prosecutor quotes a portion of the government's May 22 discovery letter, which indicates, inter alia, that if this matter proceeds to trial, the government will call DEA chemists to testify as expert witnesses about the analyses performed on the narcotics in this case and a DEA and/or FBI agent to testify concerning the nature and methodology of street drug distribution. Accordingly, on the

7

current record, pursuant to paragraph (a)(6) of the standing order, the government has already provided a written summary of testimony it intends to offer under Rules 702, 703, or 705 during its case in chief. The prosecutor further represents that it will provide the names and addresses for these witnesses as soon as they are identified, along with the "opinions, the bases and reasons therefor, and the witness[es'] qualifications." [Doc. #484, 10-11 (alteration in original)]. At the March 18 motions hearing, counsel for Barnett conceded that his motion was moot in light of these representations.

Accordingly, in light of the prosecutor's representations, defendants Stanley and Barnett's motions to compel disclosure of a summary of expert testimony [Doc. ## 418, 432] are **DENIED AS MOOT**.

D. **Motion for Disclosure of Agents' Notes [Doc. # 444]**

Defendant Williams-Bey moves for the production of "agents' notes pertaining to observations they may have made during surveillance of the defendant on March 12 [] and March 25, 2014, and that of any proffer session pertaining to potential witnesses against him." [Doc. # 444].

As an initial matter, the prosecutor represents that, "the Government has sought to preserve agents' notes of interviews with all witnesses, including any notes of interviews of the defendants or cooperating witnesses." [Doc. #484, 19]. The prosecutor further represents that the government is well aware of its obligations under Brady, Giglio and Jencks, and will continue to comply with those obligations, as well as continue

8

to screen agent notes for Brady and Giglio material. [Id.]. The prosecutor also states that the government has provided defense counsel with the reports of their clients' interviews and any corresponding agent notes.[4].

The Court **DENIES** defendant Williams-Bey's motion for disclosure of agent notes [Doc. #444] to the extent that it seeks notes other than interview notes with the defendant himself. Indeed, to the extent that the requested notes are considered Jencks material, defendant has provided no authority to override the rule in this Circuit that a district court's "power to order pretrial disclosure is constrained by the Jencks Act," and that the district court may not order advance disclosure inconsistent with the Jencks Act itself. See United States v. Coppa, 267 F.3d 132, 145-46 (2d Cir. 2001).[5]

### E. Motion for Early Disclosure of Rule 16(a) and Jencks Act Material [Doc. # 445]

Defendant Williams-Bey seeks early disclosure of Jencks Act material. Under the Jenks Act, 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." The Second Circuit has

---

[4] The prosecutor also represents that defense counsel failed to confer with the government on this issue in violation of the District's Standing Order on Discovery in Criminal Cases. [Doc. #484, 19]. Nevertheless, the prosecutor states he will work with defense counsel should counsel request agent surveillance notes.

[5] See section IIE, infra, for a more detailed discussion of the Jencks Act, and the government's obligations thereunder.

consistently held that a district court's "power to order pretrial disclosure is constrained by the Jencks Act," and that the district court may not order advance disclosure inconsistent with the Jencks Act itself.  See Coppa, 267 F.3d at 145-46 (reversing district court's decision ordering early disclosure of Jencks Act material); see also United States v. Sebastian, 497 F.2d 1267, 1268-69 (2d Cir. 1974); United States v. Percevault, 490 F.2d 126, 129 (2d Cir. 1974) (finding that "the district court did not have statutory authority to compel disclosure [of Jencks Act material] prior to trial over the government's objection.").

Defendant Williams-Bey fails to offer any controlling authority to override the Jencks Act. He merely "requests that the Court direct the United States to produce all Jencks Act materias […] through the utilization of the Court's broad authority to compel efficiency and fairness in the administration of the criminal process." [Doc. #445]. Moreover, the prosecutor represents that the government will provide defendant with any Jencks material two weeks prior to trial. [Doc. #484, 20-21]. Therefore, defendant Williams-Bey's request for early disclosure of Jencks material [Doc. #445] is **DENIED**.

**F. Motion to Strike Aliases from Indictment [Doc. #424]**

Defendant McDade seeks to strike "the words 'AKA S.Dot and S Diddy' from the indictment as unduly and unnecessarily prejudicial to his right to a fair trial." [Doc. #424]. The government responds that it will offer probative Title III intercepts of defendant McDade and his coconspirators in which

he self-identified and was identified by others as "S. Dot" and "S Diddy."

Federal Rule of Criminal Procedure 7(d) provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "Motions to strike surplusage from an indictment will be granted only where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." United States v. Thomas, No. 3:13-CR-00141 (VLB), 2014 WL 2168468, at *2 (D. Conn. May 23, 2014) (quoting United States v. Elson, 968 F. Supp. 900, 909 (S.D.N.Y. 1997) (internal quotation marks omitted)). "Aliases and nicknames should not be stricken from an indictment when evidence regarding those aliases or nicknames will be presented to the jury at trial." Id.

Here, defendant conclusorily submits that the presence of his aliases is "highly prejudicial and not probative of any issues in this matter." [Doc. #424-1]. He has not proffered any evidence suggesting that the aliases of "S. Dot" and "S. Diddy" "will be perceived by the jury as anything other than an innocuous and colloquial moniker used among acquaintances or persons from the same neighborhood." Thomas, 2014 WL 2168468, at *2. Moreover, based on the government's representations, the aliases are probative in identifying defendant McDade with the acts charged in the indictment. Indeed, the government sets forth nearly two pages of Title III intercept summaries in which McDade self-refers, or is called, "S. Dot" or "S.Diddy." Therefore, in light of the government's representations, and

11

because defendant has failed to show that the aliases are highly prejudicial, defendant McDade's motion to strike aliases from the indictment [Doc. #424] is **DENIED**. See <u>United States v. Smith</u>, No. 3:10-cr-148, 2012 WL 2338707 (D. Conn. June 19, 2012) (denying motion to strike references to aliases from the indictment because the government represented that the aliases were relevant to the charges).

**G.  <u>Motion in Limine re: Rap Video [Doc. #446]</u>**

Defendant Howe moves to exclude a video allegedly depicting him and defendant Scott performing at a rap concert in January 2014. [Doc. #446]. The government responds that it only intends to offer a limited portion of the video depicting defendants Scott and Howe performing "West to the Wall." The government represents that "West to the Wall" is a geographical area of Westland Street and Cornwall Street in the North End of Hartford and that the trial evidence will show that the Westhell and Team Grease drug trafficking organizations controlled drug sales in these areas.

The Court has had an opportunity to review the portion of the video which the government intends to introduce at trial. The Court has also heard arguments of counsel. On the current record, and at this stage of the proceedings, the Court is inclined to deny defendant's motion <u>in limine</u>. The video is not unduly prejudicial and appears to fall within the parameters of Federal Rule of Evidence 801(d)(2)(E), which provides that a statement is "not hearsay if […] [it] is offered against a party and is […] a statement by a coconspirator of a party during the

course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).

Nevertheless, it may be premature to dispose of this motion at this stage of the proceedings. Indeed, Judge Meyer, who will proceed over this trial, will likely be in the best position to determine the video's admissibility in light of the evidence then before him, the foundation laid for the video's introduction, and whether the government does in fact seek to introduce the video. Therefore, the Court **DENIES without prejudice to renewal** at trial defendant Howe's motion in limine. [Doc. #446]. The prosecutor will provide advance notice to defense counsel and the Court prior to introducing the video.

### III. CONCLUSION

Accordingly, for the reasons stated the Court:

(A) **DENIES AS MOOT** the defendants' motions for specific discovery [Doc. ## 415, 429, 437];

(B) **DENIES AS MOOT and without prejudice** defendants' motions disclosure of evidence of prior misconduct and felony records [Doc. ## 417, 421, 423, 427, 433], and **DENIES** defendant's motion in limine regarding gang affiliation [Doc. # 419];

(C) **DENIES AS MOOT** defendants' motions to compel disclosure of a summary of expert testimony [Doc. ## 418, 432];

(D) **DENIES** defendant's motion for disclosure of agent notes [Doc. # 444];

(E) **DENIES** defendant's motion for early disclosure of Jencks material [Doc. # 445];

(F) **DENIES** defendant motion to strike aliases from the indictment [Doc. # 424]; and

(G) **DENIES without prejudice to renewal** at trial defendant Howe's motion in limine. [Doc. #446].

This is not a recommended ruling.  This is a non-dispositive discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Crim. P. 59(a).  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made April March 2015.

```
     /s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```