UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>MELKUAN SCOTT,<br>        Defendant. | No. 3:14-cr-00081-1 (JAM) |

**RULING DENYING MOTION OF DEFENDANT MELKUAN SCOTT
TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS**

Defendant Melkuan Scott has filed a motion to suppress physical evidence and statements he made following his arrest on April 15, 2014, at his home at 195 Lake Road in Andover, Connecticut (Doc. #426). On that date, law enforcement agents entered defendant's residence without his consent in order to execute an arrest warrant for him on a criminal complaint. Defendant contends that the agents' entry into his house was unlawful, because they lacked a reasonable belief at the time that they arrived outside his house that he was inside. Following an evidentiary hearing, Magistrate Judge Fitzsimmons rejected this argument, concluding that "law enforcement agents had a reasonable belief that Scott resided at 195 Lake Road and was there at the time they sought to execute the arrest warrant." Doc. #550 at 12.

Defendant has now filed an objection to that portion of Judge Fitzsimmons' ruling.[1] He does not challenge the detailed findings of fact made by Judge Fitzsimmons (Doc. #550 at 1–10), but contends that Judge Fitzsimmons misapplied the law to the facts of this case. My review is *de novo* as to Judge Fitzsimmons' legal conclusions and the application of the law to the facts as found. *See, e.g., United States v. Rosa*, 11 F.3d 315, 328 (2d Cir. 1993).

It is well established that "'an arrest warrant founded on probable cause implicitly carries

---

[1] Defendant does not otherwise challenge Judge Fitzsimmons' ruling insofar as it dismissed other grounds raised for suppression (Doc. #550 at 14–21), and therefore I adopt her recommended ruling as to each of these non-contested grounds.

1

with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within.'" *United States v. Lovelock*, 170 F.3d 339, 343 (2d Cir. 1999) (quoting *Payton v. New York*, 445 U.S. 573, 603 (1980)). The "proper inquiry" involves two determinations: (1) "whether there is a *reasonable belief* that the suspect resides at the place to be entered to execute [the] warrant," and (2) "whether the officers have reason to believe that the suspect is present." *Ibid.* (internal quotation marks omitted).

Here, defendant does not contest Judge Fitzsimmons' conclusion that there was reason to believe that he resided at 195 Lake Road. Doc. #550 at 12–13. Instead, he argues that at the time the agents arrived outside his home on April 15, 2014, they did not then have a reasonable belief that he was there because his car was not visible from the road; according to defendant, they did not have a reasonable belief that he was inside the house until one of the agents unlawfully breached the curtilage of the home to ascertain that defendant's car was parked behind the house and out of sight from the road. Doc. #583 at 9.

I do not agree. Despite the fact that defendant's car was not visible in the driveway when the agents arrived on April 15, they otherwise had reasonable grounds to believe that defendant was inside the house upon their arrival. In the course of searching for defendant that morning to place him under arrest, they had not located him at two other residences in Hartford where they thought he might be. Doc. #550 at 3. It was logical for them to conclude that he would be at his Andover house. Moreover, about 90 minutes before the agents arrived at the house, law enforcement intercepted a call between defendant and co-defendant Arthur Stanley in which defendant indicated that he was there. *Id.* at 13. As Judge Fitzsimmons concluded, "[w]hen the agents executing the search warrant did not locate Scott at either the Eastford residence or Burnham Street on the morning of April 15, 2014, they then had a reasonable belief that Scott

would be located at 195 Lake Road, particularly in light of the April 15, 2014 intercepted communication in which Scott states he is at home, to which Stanley comments that Scott is 'way out there.'" *Id.* at 13–14.

The fact that defendant's car was not visible to the agents when they arrived did not dispel the existence of a reason to believe that he was inside. Common sense and experience suggests that people are often home even when a car is not visible from a public roadway. Although defendant insists on a "possibility" that he "had left to run an errand," Doc. #583 at 10 n.3, such a "possibility" does not dispel any reason to believe that he was there.

The reason-to-believe standard requires less certainty than a requirement of probable cause. *See Lovelock*, 170 F.3d at 343 (citing *United States v. Lauter*, 57 F.3d 212, 215 (2d Cir. 1995)). And even the probable cause standard—which asks only whether there is a "fair probability" that a given fact is true—does not approach far higher standards of certainty, such as a preponderance-of-the-evidence or beyond-a-reasonable-doubt. *See, e.g.*, *Florida v. Harris*, 133 S. Ct. 1050, 1055 (2013). In light of all the facts known to the agents, there was reason to believe that defendant was inside his house when they arrived, despite the fact that his car could not be viewed from the road and apart from the fact of any breach of the curtilage to determine that defendant's car was there.

Defendant complains that Judge Fitzsimmons "ignored the agents' state of mind when they entered the curtilage of 195 Lake Road and the testimony given by FBI Special Agent Price." Doc. #583 at 1. They cite Agent Price's belief that if he had not breached the curtilage to discover that defendant's car was parked behind the house, then agents may not have entered the home absent additional evidence that defendant was inside. *See* Doc. #583 at 7 (quoting Agent Price's testimony that "we most likely would have waited indefinitely" to enter the house if

defendant's car had not been there and that if "there was no car, it was likely that we would have stayed there for quite some time trying to ascertain whether he was inside").

The difficulty with defendant's argument is that the protections of the Fourth Amendment do not turn upon the subjective beliefs or legal conclusions of individual law enforcement officers. In the Fourth Amendment context, the Supreme Court has "repeatedly rejected a subjective approach," but has made clear that courts need only decide "whether the circumstances, viewed *objectively*, justify the action." *Kentucky v. King*, 131 S. Ct. 1849, 1859 (2011) (internal quotation marks and citation omitted). That is because "evenhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer." *Ibid.* (internal quotation marks and citation omitted); *see also Florida v. Royer*, 460 U.S. 491, 507 (1983) (plurality opinion) (fact that law enforcement agent on scene "did not believe there was probable cause . . . would not foreclose the State from justifying [defendant's] custody by proving probable cause").

Accordingly, the reason-to-believe inquiry is an *objective* one—whether an objectively reasonable law enforcement officer would have had reason to believe that the arrestee was inside his residence in light of the facts known to law enforcement officers at the time. It is irrelevant whether Agent Price personally concluded—for reasons of prudence or a mistaken belief about what the law allows—that no entry should occur until he had verified whether defendant's car was there.[2] As discussed above, law enforcement agents had an objective reason to believe that defendant was inside his house upon their arrival at the house, notwithstanding that they could not see his car without breaching the curtilage of the home to do so.

---

[2] For this reason, I do not rely on the government's arguments (Doc. #633 at 7) that Agent Price was not the case agent or SWAT team leader of the arrest operation and did not have decision-making authority about whether to enter the house. The Fourth Amendment inquiry does not turn on the subjective beliefs or legal conclusions of any of the agents present about their right to enter the home.

4

**CONCLUSION**

I adopt Judge Fitzsimmons' Recommended Ruling (Doc. #550), and defendant's motion to suppress (Doc. #426) is DENIED.

It is so ordered.

Dated at Bridgeport this 5th day of May 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge